13-1305-cr
United States v. Siavosh Henareh

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

        At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of April, two thousand fourteen.

Present:
        RALPH K. WINTER,
        BARRINGTON D. PARKER
        PETER W. HALL,
                *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

                *Appellee*,

        v.                                                          No. 13-1305-cr

SIAVOSH HENAREH, AKA SEALED DEFENDANT 1, AKA
SIYAVESH HENAREH, AKA THE DOCTOR,

                *Defendant–Appellant*,

BACHAR WEHBE, AKA SEALED DEFENDANT 2, AKA FAREZ,
CETIN AKSU, AKA SEALED DEFENDANT 3,

                *Defendants*.

_____

FOR APPELLANT:          Melinda Sarafa, Sarafa Law LLC, New York, NY.

FOR APPELLEE:           Benjamin Naftalis (Justin Anderson, *on the brief*), Assistant United States Attorneys, *for* Preet Bharara, United States Attorney for the Southern District of New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Rakoff, *J.*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court is AFFIRMED.

Defendant–Appellant Siavosh Henareh appeals from a judgment of conviction following a trial by jury in which Henareh was found guilty of one count of conspiracy to distribute heroin, knowing or intending that the heroin would be imported into the United States, in violation of 21 U.S.C. § 963. The district court sentenced Henareh to 210 months' imprisonment. Henerah raises several challenges on appeal. He argues (1) that the government did not introduce sufficient evidence to establish that he knew the conspiracy aimed to distribute heroin in the United States; (2) that the district court erred when it included a conscious avoidance instruction in the jury instructions; (3) that the district court abused its discretion when it limited the scope of the defense's cross-examination of a government witness; and (4) that his sentence of 210 months' imprisonment was both procedurally and substantively unreasonable. We assume the parties' familiarity with the relevant facts, the procedural history, and the issues presented for review, which we reference insofar as is necessary to explain our decision to affirm.

The standard of review we employ when addressing challenges to the sufficiency of the evidence is well established. *See, e.g.*, *United States v. Chavez*, 549 F.3d 119, 124 (2d Cir. 2008). Generally speaking, we review *de novo* whether the evidence is sufficient to support a conviction, *United States v. Anderson*, No. 11-5364, 2014 WL 814889, at *6 (2d Cir. Mar. 4, 2014), and will "uphold the conviction if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt," *United States v. Aguilar*, 585 F.3d 652, 656 (2d Cir. 2009) (internal quotation marks and emphasis omitted). "A defendant seeking to

overturn a jury verdict on sufficiency grounds bears a heavy burden, as we exercise an exceedingly deferential standard of review." *Anderson*, 2014 WL 814889, at \*6 (internal quotation marks and citations omitted).

Henareh argues that the evidence was insufficient to prove that he knew the intent of the conspiracy was to distribute heroin within the United States, a key element of a prosecution brought under 21 U.S.C. § 963. Our review of the proceedings below convinces us otherwise. Specifically before the jury were transcripts of meetings between Henareh and confidential sources on January 12, 2011, and February 8, 2011, in which those sources informed Henareh that the drugs were intended for the United States. Furthermore, a former co-conspirator of Henareh who later became a government witness testified that it was his own understanding that the drugs were intended for the United States. This witness also testified to Henareh's involvement in the conspiracy, including Henareh's request that this witness transport narcotics for him. Cognizant of the deference we show "to the jury's resolution of the weight of the evidence and the credibility of the witnesses[,]" *United States v. Persico*, 645 F.3d 85, 104 (2d Cir. 2011), we hold that the evidence, both direct and circumstantial, was sufficient to support Henareh's conviction under 21 U.S.C. § 963.

Henareh next argues that the district court erred when it included a conscious avoidance charge in its instructions to the jury. Ordinarily "[w]e review a claim of error in jury instructions *de novo*, reversing only where, viewing the charge as a whole, there was a prejudicial error." *United States v. Aina-Marshall*, 336 F.3d 167, 170 (2d Cir. 2003). Because Henareh failed to object to the charge when given in the district court, however, we review for plain error. *See United States v. Wolfson*, 642 F.3d 293, 294 (2d Cir. 2011); *see also United States v. Al Kassar*, 660 F.3d 108, 126 (2d Cir. 2011) ("Because the defendants' present objection was not made before the district court, we review the instruction for plain error, reversing only where (1) the

instruction was erroneous, (2) the error was plain (*i.e.*, obvious), (3) the error prejudiced the defendants' substantial rights, and (4) that prejudice affected the fairness, integrity, or public reputation of the judicial proceeding.").

"A conscious-avoidance charge is appropriate when (a) the element of knowledge is in dispute, and (b) the evidence would permit a rational juror to conclude beyond a reasonable doubt that the defendant was aware of a high probability of the fact in dispute and consciously avoided confirming that fact." *United States v. Cuti*, 720 F.3d 453, 463 (2d Cir. 2013) (internal quotation marks omitted). In other cases we have explained that this charge is appropriate when a defendant "assert[s] what amounts to ignorance of the specific objectives alleged[.]" *United States v. Lanza*, 790 F.2d 1015, 1023 (2d Cir. 1986). In this regard, Henareh overlooks his own testimony in which he denied being involved in any part of the conspiracy, including his express denials that he knew the drugs at the heart of the conspiracy were intended for the United States. Henareh's trial counsel, moreover, admitted that the instruction was appropriate, given Henareh's unequivocal denials of involvement. Our review of the record confirms that this is the very instance when a defendant's "purported lack of knowledge defense, despite [his] deep involvement in the transactions that effectuated [the crime], all but invite[s] the conscious avoidance charge." *Cuti*, 720 F.3d at 464. We find no error, plain or otherwise, in the district court's instruction to the jury.

Turning to the district court's ruling to limit cross examination, we are similarly unpersuaded. "We review evidentiary rulings, including a trial court's decision to limit the scope of cross-examination, for abuse of discretion." *United States v. White*, 692 F.3d 235, 244 (2d Cir. 2012), as amended (Sept. 28, 2012). We will find such abuse when "the trial judge's evidentiary rulings were arbitrary and irrational." *Id.* A trial judge retains the authority to "impose reasonable limits on such cross-examination based on concerns about, among other

4

things, harassment, prejudice, confusion of the issues, the witness' safety, or interrogation that is repetitive or only marginally relevant." *Delaware v. Van Arsdall*, 475 U.S. 673, 679 (1986).

In this case, Henareh sought to cross-examine Ayyaz Baluch regarding his detention and imprisonment at the hands of the Pakistani military in an unrelated matter during the late 1990s. The district court denied Henareh's request, explaining that its review had convinced it that Baluch had not made any false or misleading statement because the arrest and conviction did not correspond to a standard law enforcement arrest consistent with considerations of a law enforcement officer's jurisdiction. The district court also noted that the government was calling Baluch to testify about the general practices in international heroin trafficking but not about the particulars of the case against Henareh, since Baluch had no involvement with the investigation. Given the marginal value, if any, of the proposed line of cross-examination, particularly considering the *de minimis* value Baluch's testimony provided about Henareh, the district court did not abuse its discretion when it limited cross-examination into Baluch's past consistent with Federal Rule of Evidence 609(b).

Finally, we are not persuaded that the district court committed any error, procedural or substantive, in sentencing Henareh to a term of 210 months' imprisonment. In addressing procedural challenges to a district court's sentence, we have recognized that we do "not require robotic incantations" by the district court as to each of the individual 18 U.S.C. § 3553(a) factors. *United States v. Cavera*, 550 F.3d 180, 193 (2d Cir. 2008) (en banc). Indeed, we have "refrain[ed] from imposing any rigorous requirement of specific articulation by the sentencing judge." *United States v. Fleming*, 397 F.3d 95, 99 (2d Cir. 2005). The district court, in the circumstances challenged today, openly acknowledged the role § 3553(a) factors play in sentencing while also citing to several specific circumstances that warranted Henareh's below-Guidelines sentence. The record refutes Henareh's contention that the district court failed to

5

consider the § 3553(a) factors.  Likewise, we can find no error in the below-Guidelines sentence the district court imposed.  In reviewing a challenge to the substantive reasonableness of a sentence "'"we take into account the totality of the circumstances, giving due deference to the sentencing judge's exercise of discretion, and bearing in mind the institutional advantages of district courts.'"  *United States v. Perez-Frias*, 636 F.3d 39, 42 (2d Cir. 2011) (per curiam) (quoting *United States v. Cavera*, 550 F.3d at 190).  Furthermore, in the context of a below-Guidelines sentence, *see Perez-Frias*, 636 F.3d at 43, we are disinclined to find such a sentence unreasonable.  So it is the case here, when the district court explained the rationale behind the sentence of 210 months' imprisonment versus the recommended sentence under the Guidelines of 292 to 365 months' imprisonment.  The sentence imposed by the district court is, thus, neither procedurally nor substantively unreasonable.

We have considered all of Henareh's remaining arguments and find them to be without merit.  We, therefore, **AFFIRM** the March 25, 2013 judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

6