CLD-047                                                                            **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-2855
_____

SIAVOSH HENAREH,
                                                            Appellant

v.

WARDEN ALLENWOOD FCI MEDIUM
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 1-22-cv-00539)
District Judge:  Honorable Christopher C. Conner
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit L.A.R. 27.4 and I.O.P. 10.6
December 8, 2022
Before:  GREENAWAY, Jr., MATEY, and FREEMAN, <u>Circuit Judges</u>

(Opinion filed February 13, 2023)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Pro se appellant Siavosh Henareh was arrested in Bucharest, Romania, extradited to the United States, and convicted in the United States District Court for the Southern District of New York of conspiracy to import heroin into the United States in violation of 21 U.S.C. § 963. He was sentenced to 210 months in prison (which was later reduced to 198 months). See S.D.N.Y. CR. No. 1:11-cr-00093, ECF Nos. 88 & 154. He obtained no relief on direct appeal or in 28 U.S.C. § 2255 proceedings. See United States v. Henareh, 563 F. App'x 808 (2d Cir. 2014) (non-precedential); Henareh v. United States, No. 11-CR-93, 2018 WL 3462508 (S.D.N.Y. July 18, 2018).

After other proceedings not relevant here, Henareh filed a petition under 28 U.S.C. § 2241 in the United States District Court for the Middle District of Pennsylvania, his district of confinement. He argued that he should be released from custody because the United States lacked authority to arrest him abroad, the prosecution failed to obtain a proper indictment, the government had financial motivations to incarcerate him, and the prosecution had never overcome his presumption of innocence. The District Court dismissed the petition, concluding that Henareh could raise his claims only, if at all, in a motion under 28 U.S.C. § 2255. Henareh appealed.[1]

---

[1] We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court's legal conclusions. See Cradle v. United States ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam). Henareh does not need to obtain a certificate of appealability to proceed with this appeal. See Bruce v. Warden Lewisburg USP, 868 F.3d 170, 177 (3d Cir. 2017).

2

We agree with the District Court's analysis. "Motions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences[.]" <u>Okereke v. United States</u>, 307 F.3d 117, 120 (3d Cir. 2002). "[U]nder the explicit terms of 28 U.S.C. § 2255, unless a § 2255 motion would be 'inadequate or ineffective,' a habeas corpus petition under § 2241 cannot be entertained by the court." <u>Cradle</u>, 290 F.3d at 538 (quoting § 2255(e)).

Henareh presents claims that he either could have raised or did raise in his initial § 2255 motion. While the limitations on second or successive § 2255 motions might prevent him from raising these claims in a new § 2255 motion, that does not make § 2255 inadequate or ineffective. <u>See</u> <u>Okereke</u>, 307 F.3d at 120.

Accordingly, we will summarily affirm the District Court's judgment. <u>See</u> 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.